IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

KEVIN SMITH, a/k/a Bar-None, )
Royal Blackness #164920, )
                                  )
            Plaintiff,    )   Civil Action No. 0:04-1819-PMD-BM
                                  )
                                  )
JON OZMINT, DIRECTOR OF    )   **REPORT AND RECOMMENDATION**
THE SOUTH CAROLINA     )
DEPARTMENT OF          )
CORRECTIONS, ET.AL,    )
                                  )
            Defendants.   )
_____)

      Plaintiff, an inmate with the South Carolina Department of Corrections proceeding pro se, instituted this action by Complaint filed June 23, 2004. Plaintiff paid the full $150.00 filing fee, and by order filed September 7, 2004, Plaintiff was advised that he was responsible for service of process and was directed to the requirements of Rule 4(m), Fed.R.Civ.P.

      By order filed March 8, 2005 several motions to dismiss based on improper service and/or failure to serve were denied by the Honorable Patrick Michael Duffy, United States District Judge, and the Plaintiff was given thirty (30) days to properly serve the Defendants in this case. The docket reflects that renewed summons were issued on March 11, 2005.

      On April 19, 2005, the Defendant Carlton Medley filed a motion to dismiss on the grounds that Plaintiff had failed to comply with the order of the Court, as Plaintiff had failed to

1



properly serve this Plaintiff with his summons and Complaint within the thirty (30) day period provided in the Court's order. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 22, 2005, and Plaintiff filed a memorandum in opposition to Defendant's motion on May 26, 2005. In his response memorandum, Plaintiff asserts that he served the Defendant Medley with a copy of his summons and Complaint via certified mail on April 7, 2005 by delivery of same to the Kirkland Correctional Institution mail room, and that he thereafter filed the original copy of the summons and Complaint with the Court on April 14, 2005. A review of the file does reflect that Plaintiff filed an affidavit of service with the Court with respect to this Plaintiff on April 14, 2005 (Court Document No. 83).

## Conclusion

Based on the material filed with and before this Court, and in light of Plaintiff's pro se status, it is recommended that the Defendant Medley's motion to dismiss be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 2, 2005

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
