IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| KEVIN SMITH, a/k/a Bar-None, Royal Blackness #164920, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 0:04-1819-PMD-BM |
| v. | ) ) | |
| JON OZMINT, DIRECTOR OF THE SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, ET.AL, | ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections proceeding pro se, instituted this action by Complaint filed June 23, 2004. On that same date, Plaintiff filed a motion (Document #3) with the Court for a "TRO and/or Preliminary Injunction", in which Plaintiff requested an order from this Court prohibiting the Defendants from denying him access to personal photographs of family members. In a second "TRO and/or Preliminary Injunction" motion (Document #6) filed August 18, 2004, Plaintiff sought an order prohibiting the Defendants from restricting his access to visitors. In a Report and Recommendation [1] filed November 9, 2004, it was recommended that those motions be denied, and that recommendation was adopted by order of the

---

[1] A Report and Recommendation is required on these motions pursuant to 28 U.S.C. § 636(b)(1)(A).



1

Honorable Patrick Michael Duffy, United States District Judge, filed January 5, 2005.

Plaintiff has now filed a third motion for TRO and/or for a preliminary injunction (Court Document No. 127), seeking an order from this Court preventing the Department of Corrections from "forcibly grooming" him. This motion should also be denied, as this Court may take judicial notice that the SCDC grooming policy has previously been upheld by the Court. See Hines v. South Carolina Department of Corrections, 148 F.3d 353 (4th Cir. 1998); see also Hunter v. Moore, No. 97-7032, 1998 WL 792223 (4th Cir. Nov. 16, 1998), cert. denied, 526 U.S. 1071 (1999); cf. Abordo v. State of Hawaii, 902 F.Supp. 1220, 1225 (D.Hawaii 1995) ["neither the prison's grooming standards nor the memorandum regarding enforcement of the grooming policy creates a protected liberty interest"]; Hall v. Bellmon, 935 F.2d 1106, 1114 (10th Cir. 1991) [prison intake facility's policy of cutting inmates' hair does not violate free exercise of religion as it related to legitimate penological interests: preventing inmates from hiding weapons in their hair]. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own records.] Plaintiff's claim therefore fails to present facts sufficient to warrant such relief. Murphy v. Society of Real Estate Appraisers, 388 F.Supp. 1046, 1049 (E.D.Wis. 1979) [Both a preliminary injunction and a temporary restraining order are extraordinary remedies which will not be granted unless there is a clear showing of both probable success and irreparable injury]; see also White v. Illinois Cent. R.Co., 349 U.S. 366 (1955); Child Evangelism Fellowship of Maryland, Inc. v. Montgomery County Public Schools, 373 F.3d 589, 593 (4th Cir. 2004); Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc., 550 F.2d 189, 195-196 (4th Cir. 1977); Hughes Network Systems v. InterDigital Com. Corp., 17 F.3d 691, 693 (4th Cir. 1994).



In sum, based on the material before the Court, Plaintiff has failed to show a sufficient likelihood that he will succeed on the merits of this claim to entitle him to the extraordinary remedy of the granting of a TRO or preliminary injunction, nor has he shown a likelihood of irreparable harm because of the actions of the Defendants. Therefore, as the Plaintiff fails to meet the standard for issuance of a preliminary injunction or TRO, it is recommended that his motion be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 30, 2005

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

4

