IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Kevin Smith, a/k/a Bar-None )
Royal Blackness #164920 )
   Plaintiff, )
            ) C.A. No. 04-1819-PMD
v. )
            )
Jon Ozmint, Director of the South )
Carolina Department of Corrections, )
et. al., )
   Defendants. )
_____)

   This matter is before the court upon Plaintiff Kevin Smith, aka. Bar None Royal Blackness's ("Blackness") objection to the Magistrate Judge's denial of his motion for entry of default judgment against Defendant Carlton Madley ("Medley"). The record contains the report and recommendation of the Magistrate ("the R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Blackness has filed timely objections to the R& R, challenging the Magistrate's summary conclusion that his motion for entry of default as to Defendant Medley should be denied.

**BACKGROUND**

   Plaintiff, an inmate with the South Carolina Department of Corrections, proceeding pro se, instituted this action by Complaint filed June 23, 2004. The complaint alleges several tort and civil rights violations, naming some forty governmental officials including Defendant Medley. Initially, Medley made a motion to dismiss the complaint against him for failure to properly serve process. This motion was denied by this court on June 13, 2005. (Court Document No. 105.) From this date, Medley had twenty days within which to timely file his response to the complaint. (Summons, Court Document No. 34.) On July 29, 2005, approximately twenty-six days after Medley should have filed

a responsive pleading, Plaintiff filed a motion for entry of default judgment against Medley. (Court Document No. 118.) Counsel for Medley filed a memorandum in opposition to Plaintiff's motion on August 3, 2005, together with a motion to be allowed to file responsive pleadings. (Court Document No. 122.) In the R&R, the Magistrate merely states, "[f]or the reasons set forth in the Defendant's response memorandum, it is recommended that the Plaintiff's motion for entry of default judgment be denied and that the Defendant Medley be instructed to file his responsive pleading within fifteen (15) days of any order of the District Court adopting this report and recommendation." (R&R at 1.) Blackness objects that the Magistrate "does not set forth any specific reasons for its denial of Plaintiff's motion for entry of default against Carlton Medley" and that he "failed to address and enforce the Federal Rules of Civil Procedure Local Rules of the Court."

## ANALYSIS

### A.    The Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Blackness's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B.    Plaintiff Blackness's Objections

The Magistrate in his R&R does not separately enumerate the reasoning behind his

recommendation, but instead incorporates the reasoning of the Defendant's response. As such, the court looks *de novo* at the Defendant's reasoning in determining the validity of the Magistrate's recommendation.

Once a party defaults, the issue of whether to grant or deny a motion for entry of default judgment is a matter largely within the discretion of the court. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,* 383 F.2d 249 (4th Cir. 1967). In the exercise of that discretion, the philosophy of the Federal Rules of Civil Procedure favors a trial on the merits rather than a judgment by default. *Newberry v. Cohen*, 374 F.2d 320 (D.C. Cir. 1967); *Thorpe v. Thorpe*, 364 F.2d 692 (D.C. Cir. 1966). Doubt as to whether to grant a default judgment generally should be resolved in favor of a trial on the merits. *Broglie v. Mackay-Smith,* 75 F.R.D. 739, 742 (D.C.Va. 1977); *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489 (5th Cir. 1962).

Rule 55(c) provides "[f]or good cause shown the court may set aside an entry of default," and Rule 6(b)(2) provides that "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." From this it has been taken to mean that the party in default must show (1) that he has a meritorious defense in the action and (2) that there is reasonable explanation or excuse to call for the application of the rule. *Nelson v. Coleman Co.*, 41 F.R.D. 7, 9 -10 (D.S.C. 1966) (citing *Zaro v. Strauss*, 167 F.2d 218 (5th Cir. 1948)). Clearly the policy of the law favors adjudication on the merits, *Savage v. Cannon*, 204 S.C. 473, 30 S.E.2d 70 (1944), nevertheless the process of the court is neither to be disregarded or ignored. If this were not so, the orderly administration of justice would lack its most important policing feature. *Nelson*, 41 F.R.D. at 9. Statement from the moving party that a meritorious defense exists is insufficient, and the party in default must show to the court what defense, if any, he had to the action which he is prevented from asserting. *Id.*

In the instant case, Medley both (1) describes a meritorious defense and (2) makes a showing of excusable neglect in failing to timely file. Medley states that the underlying complaint fails to state a claim upon which relief can be granted because Medley is an employee of the South Carolina Law Enforcement Division and, as such, is not subject to suit in this Court under the protection afforded to the respective states by the Eleventh Amendment. As such, the Defendant has made a showing of a meritorious defense. Medley also states that his failure to timely file responsive pleadings was due to a change in personnel at his attorney's office. Medley claims that he, in good faith, believed that a responsive motion had been filed and that failure to do so was excusable administrative oversight.

Because the court favors a trial on the merits and because Medley's motion in opposition to default has fulfilled the requirements of Rule 55 in showing both excusable neglect for the late filing and the presence of a meritorious defense, the court finds that the Magistrate did not err in summarily accepting the arguments of Defendants and recommending that Plaintiff's motion for entry of default judgment be denied.

## CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Plaintiff's Motion for Entry of Default Judgment is **DENIED** and that Defendant Medley is instructed to file his responsive pleading within fifteen (15) days.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 31, 2005**